

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BELL HELICOPTER TEXTRON INC., TEXTRON INNOVATIONS INC., AND TEXTRON SYSTEMS CORPORATION, § § § § | 4-06CV-841-A |
| PLAINTIFFS, § | CIVIL ACTION NO. _____ |
| v. § § | |
| ELECTRONIC ARTS, INC. § § | |
| DEFENDANTS. § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THIS HONORABLE COURT:

Plaintiffs Bell Helicopter Textron Inc., Textron Innovations Inc. and Textron Systems Corporation (collectively sometimes referred to as "Plaintiffs") file their Original Complaint and for causes of action would respectfully show the Court as follows:

**1.0**

**JURISDICTION AND VENUE**

1.1   This is an action for trademark infringement, trade dress infringement, dilution, unfair competition and misappropriation arising under the laws of the United States.

1.2   This Court has jurisdiction pursuant to:

(a)   28 U.S.C. § 1331, in that this action arises under the Constitution, laws or treaties of the United States, more specifically, the Lanham Act, Title 15 of the United States Code ("the Lanham Act");

(b) 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states;

(c) 28 U.S.C. § 1338, in that this is a civil action arising under an Act of Congress relating to trademarks and trade dress, more specifically the Lanham Act.

(d) Jurisdiction is further conferred upon this Court by Section 39 of the Lanham Act, 15 U.S.C. § 1121.

1.3 Defendant Electronic Arts, Inc. is a software company doing business in the State of Texas, and distributes its software titles (including those infringing on Plaintiffs' marks) for various platforms worldwide, including through numerous retailers located in the State of Texas. Defendant also owns and operates a website and domain www.ea.com (and weblinks therefrom) that promotes (including infringing images bearing the likenesses of Plaintiffs' marks), distributes and sells its products (including those infringing on Plaintiffs' marks) directly to the public at large, including residents of the State of Texas.

1.4 In the ordinary course of business, Defendant has conducted business in the State of Texas sufficient to satisfy the jurisdictional requirements of § 17.042 of the Texas Long-Arm Statute.

1.5 The causes of action asserted herein are connected with such acts or transaction of business.

1.6 The assumption of jurisdiction will not offend traditional notions of fair play and substantial justice, and equity demands that this Court assumes jurisdiction over the person of the Defendant.

1.7     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), in that a substantial part of the events or omissions giving rise to the claims occurred in the District. Defendant is subject to personal jurisdiction in the District at the time this action is brought.

## 2.0

## THE PARTIES

2.1     Plaintiff Bell Helicopter Textron Inc. ("Bell") is a Delaware corporation with its principal place of business in Fort Worth, Texas.

2.2     Plaintiff Textron Innovations Inc. ("TII") is a Delaware corporation with its principal place of business in Providence, Rhode Island.

2.3     Plaintiff Textron Systems Corporation ("TSC") is a Delaware corporation with its principal place of business in Providence, Rhode Island.

2.4     Defendant Electronic Arts, Inc. ("EA") is a Delaware corporation with its principal place of business in Redwood City, California. EA may be served with citation by serving its registered agent Stephen G. Bene, 209 Redwood Shores Parkway, California 94065 pursuant to FED. R. CIV. P. 4(h)(1).

## 3.0

## BACKGROUND FACTS

3.1     Plaintiff Bell designs, manufactures and/or sells helicopters under the name Bell Helicopter, which helicopters bear a distinctive non-functional and unique trade dress identifying the helicopter as a Bell manufactured aircraft. Said helicopters bearing distinctive trade dress include Bell Helicopter Model 205, AH-1 and AH-1Z. (hereinafter sometimes referred to as "Products").

3.2   Beginning in 1967, Bell has sold its distinctive Products. Upon information and belief, the unique, arbitrary (and non-functional) features of Bell's products have caused the product to take on secondary meaning in the minds of customers, and resulted in a belief that Bell's products have a single source of origin.

3.3   Plaintiffs TII and Bell own the trade dress in the distinctive, non-functional and unique design of the Bell 205 "Huey", Bell AH-1 "Cobra" and Bell AH1-Z "Super Cobra" helicopters (hereinafter, collectively "Helicopters").

3.4   Plaintiffs TII and Bell own the federally registered trademarks for marks "AH-1Z" (registration No. 2928806), "KINGCOBRA" (registration No. 2611656)," SUPERCOBRA" (registration No. 2549578), "COBRA" (registration No. 2839441), "HUEY" (registration No. 2868866), and "205" (registration No. 1613724).

3.5   Plaintiff TSC designs, manufactures and/or sells amphibious landing craft, including but not limited to its Landing Craft, Air Cushion (hereinafter "LCAC") which bears a distinctive non-functional and unique trade dress identifying the LCAC as a Textron manufactured vehicle.

3.6   TII and TSC own the trade dress in the distinctive, non-functional and unique design of the LCAC.

3.7   TII licenses the use of Bell's Helicopters (including but not limited to trade dress and trademarks) and TSC's LCAC in products such as motion pictures, aircraft models, video games and computer software.

3.8   Defendant has commenced the manufacture of software and video games (including but not limited to the titles "Battlefield Vietnam", "Battlefield Vietnam:

Redux" and "Battlefield 2") that prominently feature, utilize and depict Plaintiffs' trademarks, and trade dress without Plaintiffs permission or approval.

3.9    Defendant is infringing by manufacturing, exporting, advertising and selling software and video games (including but not limited to the titles "Battlefield Vietnam", "Battlefield Vietnam: Redux" and "Battlefield 2") utilizing Plaintiffs' trademarks and trade dress.

3.10   The software and video games (including but not limited to the titles "Battlefield Vietnam" and "Battlefield 2") are manufactured, distributed, offered for sale, and sold by Defendants ("the Accused Products") include the likeness of Plaintiffs' trade dress, trademarks or marks confusingly similar thereto.

3.11   EA's retention and use of Plaintiffs' marks and images are likely to create confusion in the mind of the ordinary consumer as to the source, affiliation, and/or sponsorship of the helicopters depicted in EA's software titles "Battlefield 2", "Battlefield: Vietnam" and "Battlefield Vietnam: Redux" as well as the images present on EA's website to support and promote said software titles.

3.12   Defendant's activities regarding its infringing products are a use in commerce.

3.13   Defendant's activities are not now nor have they ever been associated with or sanctioned by Plaintiffs.

3.14   Defendant has never been authorized by Plaintiffs to depict, distribute, offer for sale, or sell products bearing the Plaintiffs' trademarks, or utilizing Plaintiffs' trade dress.

3.15   Plaintiffs seek to enjoin Defendants from using its trademarks and trade dress in its software products in violation of Plaintiffs' rights and/or using any other trademark or trade dress which imitates, resembles, suggests, or simulates, or is otherwise confusingly similar to Plaintiffs' trade dress or federally registered trademarks.

3.16   Plaintiffs further seek to recover *inter alia*, statutory damages under Section 35 of the Lanham Act, 15 U.S.C. §§ 1117(a) and (b), as well as their actual damages, costs and attorneys' fees incurred in this action.

### 4.0

### TRADE DRESS / TRADE DRESS DILUTION

4.1   Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 3.16.

4.2   The cause of action set forth herein arises under the Lanham Act of the United States, 15 U.S.C. § 1051 et seq.

4.3   Defendant has distributed its product that includes not only the likeness of Plaintiffs' marks on their product's packaging but as a functional portion of its products.

4.4   On information and belief, Defendant was aware of Plaintiffs' proprietary product design.

4.5   Defendant has infringed upon the right of Plaintiffs by importing, offering for sale, selling, advertising, and/or distributing its infringing products that bear the nonfunctional design of Plaintiffs' product.

4.6   Defendant's activities are likely to cause confusion, mistake, or deception in the minds of consumers as to the approval of its infringing products by Bell or TII.

4.7    Given that consumers believe that Bell's products have a single source, consumers are likely to believe that Defendants' products originated with Bell or that Bell and the Defendants are affiliated or have common sponsorship.

4.8    On or about June 12, 2006, Plaintiffs gave formal written notice of infringement to Defendant, informing Defendant that its sale of products bearing the likeness of and utilizing Plaintiffs' trade dress without authorization constitutes trade dress infringement, and requesting Defendant to cease its sale of its infringing products.

4.9    Defendant's infringing activities have caused and/or will cause Plaintiffs monetary harm.

4.10    Defendant's continued exportation, distribution, and sales of its products bearing confusingly similar depictions of Plaintiffs' products in the manner described above causes Plaintiffs irreparable injury as to which it has no adequate remedy at law.

4.11    Defendant's actions were taken in willful and malicious disregard of Plaintiffs' rights.

4.12    The activities of Defendant as alleged in this Complaint constitute willful and intentional infringement of the Bell marks in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1114.

4.13    Defendant has derived and/or will continue to derive and receive from the above alleged acts of infringement, profits and revenues in an amount that is not presently known to Plaintiffs. Further, such acts of infringement were made with knowledge of their capacity to deceive and were thus committed intentionally and willfully. By reason of the above acts of infringement, Plaintiffs have been and will continue to be damaged in an amount to be determined at trial.

4.14  The activities of Defendant as alleged in this Complaint have caused and will continue to cause irreparable harm to Bell for which Bell has no adequate remedy at law. Accordingly, Bell is entitled to injunctive relief.

### 5.0

### TRADEMARK/ TRADEMARK DILUTION

5.1  Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 4.14.

5.2  The cause of action set forth herein arises under the Lanham Act of the United States, 15 U.S.C. § 1114.

5.3  Beginning in 1967, Bell has sold its distinctive Products. Upon information and belief, the unique, arbitrary (and non functional) features of Bell's products have caused the product to take on secondary meaning in the minds of customers, and resulted in a belief that Bell's products have a single source of origin.

5.4  Defendant has distributed its product that includes not only the likeness of Plaintiffs' marks on their products' packaging, but as a functional portion of its products.

5.5  On information and belief, Defendant was aware of Plaintiffs' proprietary product designs.

5.6  Defendant has infringed upon the right of Plaintiffs by importing, offering for sale, selling, advertising, and/or distributing the Accused Products that bear the nonfunctional design of Plaintiffs' product.

5.7  Defendant's activities are likely to cause confusion, mistake, or deception in the minds of consumers as to the approval.

5.8   Given that consumers believe that Plaintiffs' products have a single source, consumers are likely to believe that Defendant's products originated with Plaintiffs or that Plaintiffs and the Defendants are affiliated or have common sponsorship.

5.9   On or about June 12, 2006, Plaintiffs gave written notice of infringement to Defendant, informing Defendant that its sale of products bearing the likeness of and utilizing Plaintiffs' trademarks without authorization constitutes trademark infringement, and requesting Defendant to cease its sale of its infringing products.

5.10   Defendant's infringing activities have caused and/or will cause Plaintiffs monetary harm.

5.11   Defendant's continued exportation, distribution, and sales of confusingly similar copies of Plaintiffs' products in the manner described above causes Bell irreparable injury as to which it has no adequate remedy at law.

5.12   Defendant's actions were taken in willful and malicious disregard of Plaintiffs' rights.

5.13   The activities of Defendant as alleged in this Complaint constitute willful and intentional infringement of the Bell trademarks in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1114.

5.14   Defendant has derived and/or will continue to derive and receive from the above alleged acts of infringement, profits and revenues in an amount that is not presently known to Plaintiffs.  Further, such acts of infringement were made with knowledge of their capacity to deceive and were thus committed intentionally and willfully.  By reason of the above acts of infringement, Plaintiffs have been and will continue to be damaged in an amount to be determined at trial.

5.15　The activities of Defendant as alleged in this Complaint have caused and will continue to cause irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law. Accordingly, Plaintiffs are entitled to injunctive relief.

### 6.0

### FALSE DESIGNATION OF ORIGIN

6.1　Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 5.15.

6.2　This cause of action arises under 15 U.S.C. § 1125.

6.3　Defendant's manufacture, use and sale of its infringing products in commerce have been without the consent of the Plaintiffs. Defendant's use of Plaintiffs' marks constitute false designations of origin, and unfair competition pursuant to Section 43 of the Lanham Act. 15 U.S.C. § 1125(a).

6.4　Defendant's application of the Plaintiffs' unique design to Defendant's products has caused and is likely to continue to cause confusion, and/or to cause mistake, and/or to deceive consumers as to the sponsorship, or approval of said goods by Plaintiffs.

6.5　Defendant's unfair competition has caused and will continue to cause damage to Plaintiffs, and is causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

6.6　Defendant's actions were taken with knowledge of Plaintiffs' rights in and to their trade dress and to their federally registered trademarks. Such actions constitute willful infringement under Section 35 of the Lanham Act.

6.7 Because of the Defendant's actions, Plaintiffs are entitled to injunctive relief as set forth in 15 U.S.C. § 1116.

6.8 Because of the Defendant's actions, willfully intended to trade on the Plaintiffs' reputation and to cause dilution of Plaintiffs' famous marks, Plaintiffs are entitled to the remedies set forth in 15 U.S.C. §§ 1117 and 1118.

### 7.0

### DILUTION OF FAMOUS MARK

7.1 Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 6.8.

7.2 This cause of action arises under 15 U.S.C. § 1125(c).

7.3 Plaintiffs' trademarks and trade dress have become famous as that term is used and defined in 15 U.S.C. § 1125(c).

7.4 Defendant's unauthorized use of Plaintiffs' trademarks and trade dress has caused dilution of the distinctive quality of Plaintiffs' marks in violation of 15 U.S.C. § 1125(c) and thereby has damaged and will continue to cause damage to Plaintiffs. Plaintiffs therefore seek its damages and EA's profits from the products utilizing Plaintiffs' marks as well as their costs.

7.5 Defendant's application of the Plaintiffs' unique design to Defendant's products has caused and is likely continue to cause confusion, and/or to cause mistake, and/or to deceive consumers as to the sponsorship or approval of said goods by Plaintiffs.

7.6 Defendant's actions were taken with knowledge of Plaintiffs' rights in and to their trade dress and to their federally registered trademarks. Such actions constitute willful infringement under Section 35 of the Lanham Act.

7.7  Because of the Defendant's actions, Plaintiffs are entitled to injunctive relief as set forth in 15 U.S.C. § 1116.

7.8  Because of the Defendant's actions willfully intended to trade on the Plaintiffs' reputation and to cause dilution of Plaintiffs' famous marks, Plaintiffs are entitled to the remedies set forth in 15 U.S.C. §§ 1117 and 1118.

## 8.0

## UNFAIR COMPETITION AND MISAPPROPRIATION

8.1  Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 7.8.

8.2  Defendant's manufacture, use and sale of its products bearing and utilizing Plaintiffs' marks in commerce have been without the consent of the Plaintiffs.

8.3  Bell and TSC spent considerable time, money, skill, and labor in developing its products, including their distinctive unique and non-functional design.

8.4  TII licenses the use of Bell's Helicopters and TSC's LCAC in products such as video games and computer software.

8.5  EA's use of Plaintiffs' marks and images are likely to create confusion in the mind of the ordinary consumer as to the source, affiliation, and/or sponsorship of the helicopters depicted in EA's software titles "Battlefield 2", "Battlefield: Vietnam" and Battlefield Vietnam: Redux" as well as the images present on EA's website to support and promote said games.

8.6  Plaintiffs have suffered and continue to suffer damages as a result of EA's misappropriation of their marks.

## 9.0

## TEXAS STATE TRADEMARK INFRINGEMENT

9.1   Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 8.6.

9.2   EA's use of Plaintiffs' trademarks and trade dress will cause confusion or mistake and will deceive the public as to the source and approval of the infringing products.

9.3   EA's use of Plaintiffs' trademarks and trade dress will cause the public to believe that EA's products are sponsored by Plaintiffs.

9.4   The foregoing acts of EA constitute infringement of Plaintiffs' trademark and trade dress under TEX. BUS & COM. CODE § 16.26 and have caused damage to Plaintiffs. Plaintiffs therefore seek their damages.

9.5   Upon information and belief, EA's acts have been and are being committed with actual knowledge and willfully and deliberate purpose and intent to cause confusion, to cause mistake or to deceive and of appropriating and trading upon Plaintiffs' goodwill and reputation. Therefore, Plaintiffs seek punitive damages.

9.6   Plaintiffs also seek their attorney's fees and costs.

9.7   The acts of EA have deprived Plaintiffs of their exclusive rights to their trademarks and trade dress and will continue to do so unless it is enjoined by this Court. Accordingly Plaintiffs are entitled to seek an injunction.

## 10.0

## INJURY TO BUSINESS REPUTATION AND TRADEMARK AND DILUTION PURSUANT TO THE LAWS OF THE STATE OF TEXAS

10.1   Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 9.7.

10.2  EA's use of Plaintiffs' trademarks and trade dress injures the reputation of Plaintiffs and causes dilution of the distinctive quality of its marks in violation of TEX. BUS. & COM. CODE § 16.29 and 15 U.S.C. § 1125, thereby causing damage to Plaintiffs. Therefore, Plaintiffs seek their damages.

10.3  Upon information and belief, EA's acts have been and are being committed willfully with the deliberate purpose and intent of appropriating and trading upon Plaintiffs' goodwill and to cause dilution of Plaintiffs' marks. Therefore, Plaintiffs seek punitive damages.

10.4  Plaintiffs also seek reasonable attorney's fees and costs.

10.5  The acts of EA have deprived Plaintiffs of their exclusive rights to their trademarks and trade dress and will continue to do so unless it is enjoined by this Court. Accordingly Plaintiffs are entitled to seek an injunction.

## 11.0

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

11.1  Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 9.7.

11.2  The foregoing acts of EA constitute trademark and trade dress infringement, unfair competition, palming off, and misappropriation of Plaintiffs' rights in violation of the common law. The acts of EA permit, and will continue to permit EA to benefit to the detriment of Plaintiffs and to otherwise cause damage to Plaintiffs.

11.3  Upon information and belief, EA's acts have been and are being committed knowingly and willfully. Therefore, Plaintiffs seek punitive damages.

11.4  Plaintiffs also seek reasonable attorney's fees and costs.

11.5  The acts of EA have deprived Plaintiffs of their exclusive rights to their trademarks and trade dress and will continue to do so unless it is enjoined by this Court. Accordingly Plaintiffs are entitled to seek an injunction.

### 12.0

### DEMAND FOR RELIEF

WHEREFORE Plaintiffs Bell Helicopter Textron Inc., Textron Innovations Inc. and Textron Systems Corporation pray for relief as follows:

A.  That Defendant be adjudged to have infringed Plaintiffs' trademarks and trade dress;

B.  Enjoining Defendant from further activities that would infringe Plaintiffs' trademarks and trade dress;

C.  For an accounting of Defendant's profits and an award of damages by reason of Defendant's conduct;

D.  For an award of trebled, exemplary damages against Defendant in accordance with the Lanham Act;

E.  For an award of attorney's fees, costs, prejudgment and post judgment interest; and

F.  That Plaintiffs be awarded such other further relief as this Court may deem just, equitable and proper.

Respectfully submitted,

_____
Stephen C. Howell
Texas Bar No. 10107700
John G. Sams
State Bar No. 17566100
David W. Chant
State Bar No. 24009951
HOWELL, DORMAN & SAMS, PC
307 W. 7th Street, Suite 1918
Fort Worth, Texas
Telephone   (817) 348-9800
Facsimile   (817) 348-0384

ATTORNEYS FOR PLAINTIFFS

**ORIGINAL**

JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED U.S. DISTRICT COURT

2006 DEC -1 PM 3:11

CLERK OF COURT

## I. (a) PLAINTIFFS
BELL HELICOPTER TEXTRON INC., TEXTRON INNOVATIONS INC., and TEXTRON SYSTEMS CORPORATION

**DEFENDANTS**
ELECTRONIC ARTS, INC.

(b) County of Residence of First Listed Plaintiff: Tarrant County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Mateo County, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John G. Sams, David W. Chant, Howell Dorman & Sams, P.C., 307 W. 7th St., Ste 1918, Fort Worth, TX 76102, 817-348-9800

Attorneys (If Known)
4-06CV-841-A

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Trademark and Trade Dress Infr. and Unfair Competition, Secs. 32 & 43 of Lanham Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: Dec 1 2006
SIGNATURE OF ATTORNEY OF RECORD: [signature] John Sams

**FOR OFFICE USE ONLY**
RECEIPT # FW9905 AMOUNT 350 APPLYING IFP _____ JUDGE A MAG. JUDGE _____