ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2006 DEC 13 PM 3:49

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BELL HELICOPTER TEXTRON INC., TEXTRON INNOVATIONS INC., AND TEXTRON INC., § § § § PLAINTIFFS, § § v. § § ELECTRONIC ARTS, INC. § § DEFENDANTS. § | CIVIL ACTION NO. 4-06CV-841-A |

## MOTION FOR LEAVE TO AMEND COMPLAINT TO CORRECT PARTY NAME

TO THIS HONORABLE COURT:

Plaintiffs BELL HELICOPTER TEXTRON INC., TEXTRON INNOVATIONS INC., and TEXTRON INC. (hereinafter collectively "Plaintiffs"), file this their Motion for Leave to Amend Complaint to Correct Party Name to amend their pleadings and file their First Amended Original Complaint herein, and for its grounds will show the Court the following:

1. Plaintiffs filed their Original Complaint on December 1, 2006. No responsive pleading has been served. Defendant has yet to be served.

2. Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs seek to amend their Complaint only to correct the name of a party thereto, substituting Textron Inc. for Textron Systems Corporation. No other changes are sought.

3. A copy of the proposed First Amended Original Complaint is attached as Exhibit "A" to this Motion.

MOTION FOR LEAVE TO AMEND COMPLAINT TO CORRECT PARTY NAME    PAGE 1

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Bell Helicopter Textron Inc., Textron Innovations Inc., and Textron Inc. respectfully request that this Court enter an Order allowing the filing of Plaintiffs' First Amended Original Complaint attached hereto as Exhibit "A", and for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

*[signature]*

Stephen C. Howell
State Bar No. 10107700
John G. Sams
State Bar No. 17566100
David W. Chant
State Bar No. 24009951

Suite 1918
307 W. 7th Street
Fort Worth, Texas
Telephone　(817) 348-9800
Facsimile　(817) 348-0384

ATTORNEYS FOR PLAINTIFFS BELL HELICOPTER TEXTRON INC., TEXTRON INNOVATIONS INC., and TEXTRON INC.

OF COUNSEL:

HOWELL, DORMAN, & SAMS, P.C.
Commerce Building
Suite 1918
307 W. 7th Street
Fort Worth, Texas
Telephone (817) 348-9800
Facsimile　(817) 348-0384

## CERTIFICATE OF CONFERENCE

The undersigned counsel represents that there is no party with which to confer at this time that would oppose the relief sought.

_____

## CERTIFICATE OF SERVICE

The undersigned counsel represents that there is no party with which to serve this motion at this time

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BELL HELICOPTER TEXTRON INC., TEXTRON INNOVATIONS INC., AND TEXTRON INC., | § § § § | |
| PLAINTIFFS, | § § | CIVIL ACTION NO. 4-06CV-841-A |
| v. | § § | |
| ELECTRONIC ARTS, INC. | § § | |
| DEFENDANTS. | § § | |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THIS HONORABLE COURT:

Plaintiffs Bell Helicopter Textron Inc., Textron Innovations Inc. and Textron Inc. (collectively sometimes referred to as "Plaintiffs") file their Original Complaint and for causes of action would respectfully show the Court as follows:

### 1.0

### JURISDICTION AND VENUE

1.1   This is an action for trademark infringement, trade dress infringement, dilution, unfair competition and misappropriation arising under the laws of the United States.

1.2   This Court has jurisdiction pursuant to:

(a)   28 U.S.C. § 1331, in that this action arises under the Constitution, laws or treaties of the United States, more specifically, the Lanham Act, Title 15 of the United States Code ("the Lanham Act");

EXHIBIT "A"

(b) 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states;

(c) 28 U.S.C. § 1338, in that this is a civil action arising under an Act of Congress relating to trademarks and trade dress, more specifically the Lanham Act.

(d) Jurisdiction is further conferred upon this Court by Section 39 of the Lanham Act, 15 U.S.C. § 1121.

1.3 Defendant Electronic Arts, Inc. is a software company doing business in the State of Texas, and distributes its software titles (including those infringing on Plaintiffs' marks) for various platforms worldwide, including through numerous retailers located in the State of Texas. Defendant also owns and operates a website and domain www.ea.com (and weblinks therefrom) that promotes (including infringing images bearing the likenesses of Plaintiffs' marks), distributes and sells its products (including those infringing on Plaintiffs' marks) directly to the public at large, including residents of the State of Texas.

1.4 In the ordinary course of business, Defendant has conducted business in the State of Texas sufficient to satisfy the jurisdictional requirements of § 17.042 of the Texas Long-Arm Statute.

1.5 The causes of action asserted herein are connected with such acts or transaction of business.

1.6 The assumption of jurisdiction will not offend traditional notions of fair play and substantial justice, and equity demands that this Court assumes jurisdiction over the person of the Defendant.

1.7 Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), in that a substantial part of the events or omissions giving rise to the claims occurred in the District. Defendant is subject to personal jurisdiction in the District at the time this action is brought.

## 2.0

## THE PARTIES

2.1 Plaintiff Bell Helicopter Textron Inc. ("Bell") is a Delaware corporation with its principal place of business in Fort Worth, Texas.

2.2 Plaintiff Textron Innovations Inc. ("TII") is a Delaware corporation with its principal place of business in Providence, Rhode Island.

2.3 Plaintiff Textron Inc. ("Textron") is a Delaware corporation with its principal place of business in Providence, Rhode Island.

2.4 Defendant Electronic Arts, Inc. ("EA") is a Delaware corporation with its principal place of business in Redwood City, California. EA may be served with citation by serving its registered agent Stephen G. Bene, 209 Redwood Shores Parkway, California 94065 pursuant to FED. R. CIV. P. 4(h)(1).

## 3.0

## BACKGROUND FACTS

3.1 Plaintiff Bell designs, manufactures and/or sells helicopters under the name Bell Helicopter, which helicopters bear a distinctive non-functional and unique trade dress identifying the helicopter as a Bell manufactured aircraft. Said helicopters bearing distinctive trade dress include Bell Helicopter Model 205, AH-1 and AH-1Z. (hereinafter sometimes referred to as "Products").

3.2  Beginning in 1967, Bell has sold its distinctive Products. Upon information and belief, the unique, arbitrary (and non-functional) features of Bell's products have caused the product to take on secondary meaning in the minds of customers, and resulted in a belief that Bell's products have a single source of origin.

3.3  Plaintiffs TII and Bell own the trade dress in the distinctive, non-functional and unique design of the Bell 205 "Huey", Bell AH-1 "Cobra" and Bell AH1-Z "Super Cobra" helicopters (hereinafter, collectively "Helicopters").

3.4  Plaintiffs TII and Bell own the federally registered trademarks for marks "AH-1Z" (registration No. 2928806), "KINGCOBRA" (registration No. 2611656)," SUPERCOBRA" (registration No. 2549578), "COBRA" (registration No. 2839441), "HUEY" (registration No. 2868866), and "205" (registration No. 1613724).

3.5  Plaintiff Textron designs, manufactures and/or sells amphibious landing craft, including but not limited to its Landing Craft, Air Cushion (hereinafter "LCAC") which bears a distinctive non-functional and unique trade dress identifying the LCAC as a Textron manufactured vehicle.

3.6  TII and Textron own the trade dress in the distinctive, non-functional and unique design of the LCAC.

3.7  TII licenses the use of Bell's Helicopters (including but not limited to trade dress and trademarks) and Textron's LCAC in products such as motion pictures, aircraft models, video games and computer software.

3.8  Defendant has commenced the manufacture of software and video games (including but not limited to the titles "Battlefield Vietnam", "Battlefield Vietnam:

Redux" and "Battlefield 2") that prominently feature, utilize and depict Plaintiffs' trademarks, and trade dress without Plaintiffs permission or approval.

3.9 Defendant is infringing by manufacturing, exporting, advertising and selling software and video games (including but not limited to the titles "Battlefield Vietnam", "Battlefield Vietnam: Redux" and "Battlefield 2") utilizing Plaintiffs' trademarks and trade dress.

3.10 The software and video games (including but not limited to the titles "Battlefield Vietnam" and "Battlefield 2") are manufactured, distributed, offered for sale, and sold by Defendants ("the Accused Products") include the likeness of Plaintiffs' trade dress, trademarks or marks confusingly similar thereto.

3.11 EA's retention and use of Plaintiffs' marks and images are likely to create confusion in the mind of the ordinary consumer as to the source, affiliation, and/or sponsorship of the helicopters depicted in EA's software titles "Battlefield 2", "Battlefield: Vietnam" and "Battlefield Vietnam: Redux" as well as the images present on EA's website to support and promote said software titles.

3.12 Defendant's activities regarding its infringing products are a use in commerce.

3.13 Defendant's activities are not now nor have they ever been associated with or sanctioned by Plaintiffs.

3.14 Defendant has never been authorized by Plaintiffs to depict, distribute, offer for sale, or sell products bearing the Plaintiffs' trademarks, or utilizing Plaintiffs' trade dress.

3.15  Plaintiffs seek to enjoin Defendants from using its trademarks and trade dress in its software products in violation of Plaintiffs' rights and/or using any other trademark or trade dress which imitates, resembles, suggests, or simulates, or is otherwise confusingly similar to Plaintiffs' trade dress or federally registered trademarks.

3.16  Plaintiffs further seek to recover *inter alia*, statutory damages under Section 35 of the Lanham Act, 15 U.S.C. §§ 1117(a) and (b), as well as their actual damages, costs and attorneys' fees incurred in this action.

### 4.0

### TRADE DRESS / TRADE DRESS DILUTION

4.1  Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 3.16.

4.2  The cause of action set forth herein arises under the Lanham Act of the United States, 15 U.S.C. § 1051 et seq.

4.3  Defendant has distributed its product that includes not only the likeness of Plaintiffs' marks on their product's packaging but as a functional portion of its products.

4.4  On information and belief, Defendant was aware of Plaintiffs' proprietary product design.

4.5  Defendant has infringed upon the right of Plaintiffs by importing, offering for sale, selling, advertising, and/or distributing its infringing products that bear the nonfunctional design of Plaintiffs' product.

4.6  Defendant's activities are likely to cause confusion, mistake, or deception in the minds of consumers as to the approval of its infringing products by Bell or TII.

4.7   Given that consumers believe that Bell's products have a single source, consumers are likely to believe that Defendants' products originated with Bell or that Bell and the Defendants are affiliated or have common sponsorship.

4.8   On or about June 12, 2006, Plaintiffs gave formal written notice of infringement to Defendant, informing Defendant that its sale of products bearing the likeness of and utilizing Plaintiffs' trade dress without authorization constitutes trade dress infringement, and requesting Defendant to cease its sale of its infringing products.

4.9   Defendant's infringing activities have caused and/or will cause Plaintiffs monetary harm.

4.10   Defendant's continued exportation, distribution, and sales of its products bearing confusingly similar depictions of Plaintiffs' products in the manner described above causes Plaintiffs irreparable injury as to which it has no adequate remedy at law.

4.11   Defendant's actions were taken in willful and malicious disregard of Plaintiffs' rights.

4.12   The activities of Defendant as alleged in this Complaint constitute willful and intentional infringement of the Bell marks in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1114.

4.13   Defendant has derived and/or will continue to derive and receive from the above alleged acts of infringement, profits and revenues in an amount that is not presently known to Plaintiffs. Further, such acts of infringement were made with knowledge of their capacity to deceive and were thus committed intentionally and willfully. By reason of the above acts of infringement, Plaintiffs have been and will continue to be damaged in an amount to be determined at trial.

4.14 The activities of Defendant as alleged in this Complaint have caused and will continue to cause irreparable harm to Bell for which Bell has no adequate remedy at law. Accordingly, Bell is entitled to injunctive relief.

### 5.0

### TRADEMARK/ TRADEMARK DILUTION

5.1 Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 4.14.

5.2 The cause of action set forth herein arises under the Lanham Act of the United States, 15 U.S.C. § 1114.

5.3 Beginning in 1967, Bell has sold its distinctive Products. Upon information and belief, the unique, arbitrary (and non functional) features of Bell's products have caused the product to take on secondary meaning in the minds of customers, and resulted in a belief that Bell's products have a single source of origin.

5.4 Defendant has distributed its product that includes not only the likeness of Plaintiffs' marks on their products' packaging, but as a functional portion of its products.

5.5 On information and belief, Defendant was aware of Plaintiffs' proprietary product designs.

5.6 Defendant has infringed upon the right of Plaintiffs by importing, offering for sale, selling, advertising, and/or distributing the Accused Products that bear the nonfunctional design of Plaintiffs' product.

5.7 Defendant's activities are likely to cause confusion, mistake, or deception in the minds of consumers as to the approval.

5.8  Given that consumers believe that Plaintiffs' products have a single source, consumers are likely to believe that Defendant's products originated with Plaintiffs or that Plaintiffs and the Defendants are affiliated or have common sponsorship.

5.9  On or about June 12, 2006, Plaintiffs gave written notice of infringement to Defendant, informing Defendant that its sale of products bearing the likeness of and utilizing Plaintiffs' trademarks without authorization constitutes trademark infringement, and requesting Defendant to cease its sale of its infringing products.

5.10  Defendant's infringing activities have caused and/or will cause Plaintiffs monetary harm.

5.11  Defendant's continued exportation, distribution, and sales of confusingly similar copies of Plaintiffs' products in the manner described above causes Bell irreparable injury as to which it has no adequate remedy at law.

5.12  Defendant's actions were taken in willful and malicious disregard of Plaintiffs' rights.

5.13  The activities of Defendant as alleged in this Complaint constitute willful and intentional infringement of the Bell trademarks in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1114.

5.14  Defendant has derived and/or will continue to derive and receive from the above alleged acts of infringement, profits and revenues in an amount that is not presently known to Plaintiffs. Further, such acts of infringement were made with knowledge of their capacity to deceive and were thus committed intentionally and willfully. By reason of the above acts of infringement, Plaintiffs have been and will continue to be damaged in an amount to be determined at trial.

5.15   The activities of Defendant as alleged in this Complaint have caused and will continue to cause irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law. Accordingly, Plaintiffs are entitled to injunctive relief.

## 6.0

## FALSE DESIGNATION OF ORIGIN

6.1   Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 5.15.

6.2   This cause of action arises under 15 U.S.C. § 1125.

6.3   Defendant's manufacture, use and sale of its infringing products in commerce have been without the consent of the Plaintiffs. Defendant's use of Plaintiffs' marks constitute false designations of origin, and unfair competition pursuant to Section 43 of the Lanham Act. 15 U.S.C. § 1125(a).

6.4   Defendant's application of the Plaintiffs' unique design to Defendant's products has caused and is likely to continue to cause confusion, and/or to cause mistake, and/or to deceive consumers as to the sponsorship, or approval of said goods by Plaintiffs.

6.5   Defendant's unfair competition has caused and will continue to cause damage to Plaintiffs, and is causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

6.6   Defendant's actions were taken with knowledge of Plaintiffs' rights in and to their trade dress and to their federally registered trademarks. Such actions constitute willful infringement under Section 35 of the Lanham Act.

6.7  Because of the Defendant's actions, Plaintiffs are entitled to injunctive relief as set forth in 15 U.S.C. § 1116.

6.8  Because of the Defendant's actions, willfully intended to trade on the Plaintiffs' reputation and to cause dilution of Plaintiffs' famous marks, Plaintiffs are entitled to the remedies set forth in 15 U.S.C. §§ 1117 and 1118.

## 7.0

## DILUTION OF FAMOUS MARK

7.1  Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 6.8.

7.2  This cause of action arises under 15 U.S.C. § 1125(c).

7.3  Plaintiffs' trademarks and trade dress have become famous as that term is used and defined in 15 U.S.C. § 1125(c).

7.4  Defendant's unauthorized use of Plaintiffs' trademarks and trade dress has caused dilution of the distinctive quality of Plaintiffs' marks in violation of 15 U.S.C. § 1125(c) and thereby has damaged and will continue to cause damage to Plaintiffs. Plaintiffs therefore seek its damages and EA's profits from the products utilizing Plaintiffs' marks as well as their costs.

7.5  Defendant's application of the Plaintiffs' unique design to Defendant's products has caused and is likely continue to cause confusion, and/or to cause mistake, and/or to deceive consumers as to the sponsorship or approval of said goods by Plaintiffs.

7.6  Defendant's actions were taken with knowledge of Plaintiffs' rights in and to their trade dress and to their federally registered trademarks. Such actions constitute willful infringement under Section 35 of the Lanham Act.

7.7  Because of the Defendant's actions, Plaintiffs are entitled to injunctive relief as set forth in 15 U.S.C. § 1116.

7.8  Because of the Defendant's actions willfully intended to trade on the Plaintiffs' reputation and to cause dilution of Plaintiffs' famous marks, Plaintiffs are entitled to the remedies set forth in 15 U.S.C. §§ 1117 and 1118.

## 8.0

## UNFAIR COMPETITION AND MISAPPROPRIATION

8.1  Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 7.8.

8.2  Defendant's manufacture, use and sale of its products bearing and utilizing Plaintiffs' marks in commerce have been without the consent of the Plaintiffs.

8.3  Bell and Textron spent considerable time, money, skill, and labor in developing its products, including their distinctive unique and non-functional design.

8.4  TII licenses the use of Bell's Helicopters and Textron's LCAC in products such as video games and computer software.

8.5  EA's use of Plaintiffs' marks and images are likely to create confusion in the mind of the ordinary consumer as to the source, affiliation, and/or sponsorship of the helicopters depicted in EA's software titles "Battlefield 2", "Battlefield: Vietnam" and Battlefield Vietnam: Redux" as well as the images present on EA's website to support and promote said games.

8.6  Plaintiffs have suffered and continue to suffer damages as a result of EA's misappropriation of their marks.

## 9.0

## TEXAS STATE TRADEMARK INFRINGEMENT

9.1   Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 8.6.

9.2   EA's use of Plaintiffs' trademarks and trade dress will cause confusion or mistake and will deceive the public as to the source and approval of the infringing products.

9.3   EA's use of Plaintiffs' trademarks and trade dress will cause the public to believe that EA's products are sponsored by Plaintiffs.

9.4   The foregoing acts of EA constitute infringement of Plaintiffs' trademark and trade dress under TEX. BUS & COM. CODE § 16.26 and have caused damage to Plaintiffs. Plaintiffs therefore seek their damages.

9.5   Upon information and belief, EA's acts have been and are being committed with actual knowledge and willfully and deliberate purpose and intent to cause confusion, to cause mistake or to deceive and of appropriating and trading upon Plaintiffs' goodwill and reputation. Therefore, Plaintiffs seek punitive damages.

9.6   Plaintiffs also seek their attorney's fees and costs.

9.7   The acts of EA have deprived Plaintiffs of their exclusive rights to their trademarks and trade dress and will continue to do so unless it is enjoined by this Court. Accordingly Plaintiffs are entitled to seek an injunction.

## 10.0

## INJURY TO BUSINESS REPUTATION AND TRADEMARK AND DILUTION PURSUANT TO THE LAWS OF THE STATE OF TEXAS

10.1   Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 9.7.

10.2   EA's use of Plaintiffs' trademarks and trade dress injures the reputation of Plaintiffs and causes dilution of the distinctive quality of its marks in violation of TEX. BUS. & COM. CODE § 16.29 and 15 U.S.C. § 1125, thereby causing damage to Plaintiffs. Therefore, Plaintiffs seek their damages.

10.3   Upon information and belief, EA's acts have been and are being committed willfully with the deliberate purpose and intent of appropriating and trading upon Plaintiffs' goodwill and to cause dilution of Plaintiffs' marks. Therefore, Plaintiffs seek punitive damages.

10.4   Plaintiffs also seek reasonable attorney's fees and costs.

10.5   The acts of EA have deprived Plaintiffs of their exclusive rights to their trademarks and trade dress and will continue to do so unless it is enjoined by this Court. Accordingly Plaintiffs are entitled to seek an injunction.

## 11.0

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

11.1   Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 9.7.

11.2   The foregoing acts of EA constitute trademark and trade dress infringement, unfair competition, palming off, and misappropriation of Plaintiffs' rights in violation of the common law. The acts of EA permit, and will continue to permit EA to benefit to the detriment of Plaintiffs and to otherwise cause damage to Plaintiffs.

11.3   Upon information and belief, EA's acts have been and are being committed knowingly and willfully. Therefore, Plaintiffs seek punitive damages.

11.4  Plaintiffs also seek reasonable attorney's fees and costs.

11.5  The acts of EA have deprived Plaintiffs of their exclusive rights to their trademarks and trade dress and will continue to do so unless it is enjoined by this Court. Accordingly Plaintiffs are entitled to seek an injunction.

## 12.0

## DEMAND FOR RELIEF

WHEREFORE Plaintiffs Bell Helicopter Textron Inc., Textron Innovations Inc. and Textron Inc. pray for relief as follows:

    A.    That Defendant be adjudged to have infringed Plaintiffs' trademarks and trade dress;

    B.    Enjoining Defendant from further activities that would infringe Plaintiffs' trademarks and trade dress;

    C.    For an accounting of Defendant's profits and an award of damages by reason of Defendant's conduct;

    D.    For an award of trebled, exemplary damages against Defendant in accordance with the Lanham Act;

    E.    For an award of attorney's fees, costs, prejudgment and post judgment interest; and

    F.    That Plaintiffs be awarded such other further relief as this Court may deem just, equitable and proper.

Respectfully submitted,

_____
Stephen C. Howell
Texas Bar No. 10107700
John G. Sams
State Bar No. 17566100
David W. Chant
State Bar No. 24009951
HOWELL, DORMAN & SAMS, PC
307 W. 7th Street, Suite 1918
Fort Worth, Texas
Telephone    (817) 348-9800
Facsimile    (817) 348-0384

ATTORNEYS FOR PLAINTIFFS