CTJ/KG

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2007 APR 30  PM 3: 51

CLERK OF COURT

# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BELL HELICOPTER TEXTRON INC., | § | |
| TEXTRON INNOVATIONS INC. AND | § | |
| TEXTRON INC., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4-06CV-841-A |
| | § | |
| ELECTRONIC ARTS INC., | § | |
| | § | |
| *Defendant.* | § | |

**JOINT MOTION FOR LEAVE TO FILE PLAINTIFFS' SECOND
AMENDED COMPLAINT, TO EXTEND DEFENDANT'S
ANSWER DAY AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Plaintiffs Bell Helicopter Textron Inc., Textron Innovations Inc. and Textron Inc.

("Plaintiffs") and Defendant Electronic Arts Inc. ("EA") file this Joint Motion for Leave to File

Plaintiffs' Second Amended Complaint, to Extend Defendant's Answer Day and Brief in

Support thereof, and show as follows:

1.      Plaintiffs filed their Original Complaint on December 1, 2006, and filed their First

Amended Complaint on December 13, 2006 which served only to correct the name of a party.

EA waived service of the summons and Plaintiffs' First Amended Original Complaint on March

7, 2007.   Since that date, the parties have been actively conferring concerning, among other

issues, restating and narrowing certain of Plaintiffs' claims.  Plaintiffs have decided to amend

and replead certain aspects of their complaint and seek leave to file a Second Amended

Complaint.   EA has not yet seen Plaintiffs' proposed Second Amended Complaint and, as

**JOINT MOTION FOR LEAVE TO FILE PLAINTIFFS' SECOND AMENDED COMPLAINT,
TO EXTEND DEFENDANT'S ANSWER DAY  AND BRIEF IN SUPPORT**

explained in the next paragraph, EA's counsel is not available to begin review of the Second

Amended Complaint until May 4, 2007. Nevertheless, provided EA has adequate time to

respond to Plaintiffs' Second Amended Complaint, EA joins Plaintiffs' motion for leave to file

the Second Amended Complaint.

2.     EA's counsel (Craig Weinlein, Prescott Smith and Omar Kilany) will be attending

the annual meeting of the International Trademark Association in Chicago from Saturday, April

28 through Thursday, May 4, 2007, and they will not be in a position to fully and fairly review,

analyze and respond to Plaintiffs' Second Amended Complaint until they return. EA's answer

date to the First Amended Complaint is May 7, 2007.[1] Given that Plaintiffs are seeking leave to

amend their complaint while EA's counsel is not available to prepare a response, EA moves the

Court for an order extending EA's answer date until 20 days from the date that Plaintiffs' Second

Amended Complaint is filed. Plaintiffs join in the motion to extend EA's answer date.

3.     Federal Rule of Civil Procedure 15(a) provides that a court should grant leave to

file an amended pleading "freely," and the language of the rule "evinces a bias in favor of

granting leave to amend." *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286

(5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157,

1162 (5th Cir. 1982)); *see also Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1464

(5th Cir. 1995) ("In the absence of . . . undue prejudice to the opposing party by virtue of

allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the

rules require, be 'freely given.'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Accordingly, courts routinely grant leave to amend unless a countervailing factor such as undue

---

[1] Pursuant to the Waiver of Service that Plaintiffs filed with the court on March 9, 2007, EA's answer date is May 7, 2007, 60 days after EA accepted service of Plaintiffs' First Amended Complaint.

**JOINT MOTION FOR LEAVE TO FILE PLAINTIFFS' SECOND AMENDED COMPLAINT,
TO EXTEND DEFENDANT'S ANSWER DAY AND BRIEF IN SUPPORT**

delay, dilatory motive, or undue prejudice to the opposing party is present. *See, e.g., Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

4. The parties jointly seek the relief requested in this Motion not for purposes of delay, but to allow Plaintiffs to replead in light of the issues raised in conference with EA, and other issues. A copy of Plaintiffs' Proposed Second Amended Complaint is attached hereto as Exhibit A. The parties move to extend EA's answer day to allow EA to fully and fairly respond to the Second Amended Complaint if the Court grants leave to amend.

WHEREFORE, the parties pray that the Court grant Plaintiffs leave to file Plaintiffs' Second Amended Complaint and that the time for defendant Electronic Arts Inc. to answer or otherwise respond is extended until 20 days after the date of filing of Plaintiffs' Second Amended Complaint.

Respectfully submitted,

**Beale Dean**
State Bar No. 05685000
**Stephen C. Howell**
State Bar No. 10107700
**David W. Chant**
State Bar No. 24009951
306 W. 7th Street
Suite 200
Fort Worth, Texas
Telephone (817) 348-9800
Facsimile (817) 348-0384
*Attorneys for Plaintiffs*

OF COUNSEL:
Brown, Dean, Wiseman, Proctor,
Hart & Howell, L.L.P.
306 W. 7th Street
Suite 200
Fort Worth, Texas

**JOINT MOTION FOR LEAVE TO FILE PLAINTIFFS' SECOND AMENDED COMPLAINT, TO EXTEND DEFENDANT'S ANSWER DAY AND BRIEF IN SUPPORT**

*Craig Weinlein*

**Craig W. Weinlein**
    State Bar No. 21095500
**Prescott W. Smith**
    State Bar No. 24013534
**Omar Kilany**
    State Bar No. 24026974
**CARRINGTON, COLEMAN, SLOMAN**
    **& BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone:  (214) 855-3000
Facsimile:  (214) 855-1333

*Attorneys for Defendant*
*Electronic Arts Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon attorneys of record of all parties to the above cause pursuant to Rule 5 of the Federal Rules of Civil Procedure on this _30th_ day of _April_____, 2007.

## CERTIFICATE OF CONFERENCE

The counsel for Plaintiffs and counsel for Defendant have conferred and agreed to the relief sought herein, as stated in the motion.



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BELL HELICOPTER TEXTRON INC.,** | § | |
| **AND TEXTRON INNOVATIONS INC.,** | § | |
| | § | |
| **PLAINTIFFS,** | § | **CIVIL ACTION NO. 4-06CV-841-A** |
| | § | |
| **v.** | § | |
| | § | |
| **ELECTRONIC ARTS, INC.** | § | |
| | § | |
| **DEFENDANTS.** | § | |

**PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT**

TO THIS HONORABLE COURT:

    Plaintiffs Bell Helicopter Textron Inc., and Textron Innovations Inc. (collectively sometimes referred to as "Plaintiffs") file their Second Amended Original Complaint and for causes of action would respectfully show the Court as follows:

**1.0**

**JURISDICTION AND VENUE**

1.1    This is an action for trademark infringement, trade dress infringement, dilution, unfair competition and misappropriation arising under the laws of the United States.

1.2    This Court has jurisdiction pursuant to:

    (a)    28 U.S.C. § 1331, in that this action arises under the Constitution, laws or treaties of the United States, more specifically, the Lanham Act, Title 15 of the United States Code ("the Lanham Act");

**PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT**



Page 1

(b)    28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states;

(c)    28 U.S.C. § 1338, in that this is a civil action arising under an Act of Congress relating to trademarks and trade dress, more specifically the Lanham Act.

(d)    Jurisdiction is further conferred upon this Court by Section 39 of the Lanham Act, 15 U.S.C. § 1121.

1.3    Defendant Electronic Arts, Inc. is a software company doing business in the State of Texas, and distributes its software titles (including those infringing on Plaintiffs' marks) for various platforms worldwide, including through numerous retailers located in the State of Texas. Defendant also owns and operates a website and domain www.ea.com (and weblinks therefrom) that promotes, (including infringing images bearing the likenesses of Plaintiffs' marks), distributes and sells its products (including those infringing on Plaintiffs' marks) directly to the public at large, including residents of the State of Texas.

1.4    In the ordinary course of business, Defendant has conducted business in the State of Texas sufficient to satisfy the jurisdictional requirements of § 17.042 of the Texas Long-Arm Statute.

1.5    The causes of action asserted herein are connected with such acts or transaction of business.

1.6    The assumption of jurisdiction will not offend traditional notions of fair play and substantial justice, and equity demands that this Court assumes jurisdiction over the person of the Defendant.

1.7    Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), in that a substantial part of the events or omissions giving rise to the claims occurred in the District.  Defendant is subject to personal jurisdiction in the District at the time this action is brought.

**2.0**

**THE PARTIES**

2.1    Plaintiff Bell Helicopter Textron Inc. ("Bell") is a Delaware corporation with its principal place of business in Fort Worth, Texas.

2.2    Plaintiff Textron Innovations Inc. ("TII") is a Delaware corporation with its principal place of business in Providence, Rhode Island.

2.3    Defendant Electronic Arts, Inc. (hereinafter sometimes referred to as "Defendant" or "EA") is a Delaware corporation with its principal place of business in Redwood City, California.   EA has been served with process, but has not answered as of the date of this complaint.

**3.0**

**BACKGROUND FACTS**

3.1    Plaintiff Bell designs, manufactures and/or sells helicopters under the name Bell Helicopter, which helicopters bear a distinctive non-functional and unique trade dress (including, but not limited to, each respective aircraft's profile and body

style, overall shape and placement of its rotor system and skid gear) identifying the helicopter as a Bell manufactured aircraft. Said helicopters bearing said distinctive trade dress include the Bell Helicopter Models 205/UH-1 "Huey", AH-1 "Cobra" and AH-1Z "Super Cobra" (hereinafter sometimes referred to as "Products").

3.2    Bell began selling its distinctive Products beginning in 1959. Upon information and belief, the unique, arbitrary (and non-functional) features of Bell's Products have caused the Products to take on secondary meaning in the minds of customers, and resulted in a belief that Bell's Products have a single source of origin.

3.3    Plaintiffs TII and Bell own the trade dress in the distinctive, non-functional and unique design (including, but not limited to, each respective aircraft's profile and body style, overall shape and placement of its rotor system and skid gear) of the Bell 205/UH-1 "Huey", Bell AH-1 "Cobra" and Bell AH1-Z "Super Cobra" helicopters (hereinafter, collectively sometimes referred to as "Helicopters").

3.4    Plaintiffs TII and Bell own the federally registered trademarks for marks "AH-1Z" (registration No. 2928806), "SUPERCOBRA" (registration No. 2549578), "COBRA" (registration No. 2839441), and "HUEY" (registration No. 2868866).

3.5    Continually, since long prior to the acts complained of herein, Plaintiffs have generated substantial revenues from licensing the use of Bell's Helicopters (including but not limited to trade dress and trademarks) worldwide in connection with products such as motion pictures, aircraft models, video games and computer software.

3.6    Defendant has commenced the manufacture of software and video games (including but not limited to the titles "Battlefield Vietnam", "Battlefield Vietnam: Redux" and "Battlefield 2") that prominently feature, utilize and depict Plaintiffs' trademarks, and trade dress without Plaintiffs' permission or approval.

3.7    Despite other marks and trade dress Defendant EA could have chosen, it wrongfully appropriated marks owned by Plaintiffs without permission or other authorization from Plaintiffs.

3.8    Defendant is infringing by manufacturing, exporting, advertising and selling software and video games (including but not limited to the titles "Battlefield Vietnam", "Battlefield Vietnam: Redux" and "Battlefield 2") utilizing Plaintiffs' trademarks and trade dress.

3.9    The software and video games (including, but not limited to, the titles "Battlefield Vietnam", "Battlefield Vietnam: Redux" and "Battlefield 2") are manufactured, distributed, offered for sale and sold by Defendants in commerce (hereinafter sometimes referred to as "the Accused Products") that include the likeness of Plaintiffs' trade dress, trademarks and/or marks confusingly similar thereto.

3.10   EA's retention and use of Plaintiffs' marks and images are likely to create confusion in the mind of the ordinary consumer as to the source, affiliation, and/or sponsorship of the helicopters depicted in EA's software titles "Battlefield: Vietnam", "Battlefield Vietnam: Redux" and "Battlefield 2", as well as the images present on EA's website and documentation used to support and promote said software titles.

3.11   EA's use of these marks causes confusion and is likely to continue to cause confusion among consumers and potential consumers of the products of Plaintiffs and their authorized licensees.

3.12   Without authorization or consent, EA has deliberately and intentionally used Plaintiffs' marks and trade dress in commerce in connection with the manufacturing, advertising, promotion, distribution, sale and offering for sale of products that compete with Plaintiffs and their authorized licensees.

3.13   Defendant's activities are not now nor have they ever been associated with or sanctioned by Plaintiffs.

3.14   Defendant has never been authorized by Plaintiffs to depict, distribute, offer for sale, or sell products bearing the Plaintiffs' trademarks or utilizing Plaintiffs' trade dress.

3.15   On or about June 12, 2006, Plaintiffs gave written notice of the infringement to Defendant, informing Defendant that its sale of products bearing the likeness of and utilizing Plaintiffs' trademarks without authorization constitutes trademark infringement, and requesting Defendant to cease its sale of its infringing products.

3.16   Plaintiffs seek to enjoin Defendants from using their trademarks and trade dress in its software products in violation of Plaintiffs' rights and/or using any other trademark or trade dress which imitates, resembles, suggests, or simulate, or is otherwise confusingly similar to Plaintiffs' trade dress or federally registered trademarks.

3.17   Plaintiffs further seek to recover *inter alia*, all damages allowable, in the Court's discretion, under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a) (including, but not limited to, Defendant's profits, actual damages, costs and attorneys' fees incurred in this action).

### 4.0

### TRADE DRESS / TRADE DRESS DILUTION

4.1   Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 3.17.

4.2   The cause of action set forth herein arises under the Lanham Act of the United States, 15 U.S.C. § 1051 et seq.

4.3   Plaintiffs own the trade dress in the distinctive, non-functional and unique design (including, but not limited to, each respective aircraft's profile and body style, overall shape and placement of its rotor system and skid gear) of the Bell 205/UH-1 "Huey", Bell AH-1 "Cobra" and Bell AH1-Z "Super Cobra" helicopters.

4.4   Upon information and belief, the unique, arbitrary (and non-functional) features of said trade dress has caused the Plaintiffs' trade dress to take on secondary meaning in the minds of customers, and resulted in a belief that they have a single source of origin.

4.5   Defendant has distributed its products that include not only the likeness of Plaintiffs' marks on its product's packaging, but as a functional portion of its products.

4.6   On information and belief, Defendant was aware of Plaintiffs' proprietary product designs.

4.7     Defendant has infringed upon the right of Plaintiffs by importing, offering for sale, selling, advertising, and/or distributing in commerce its infringing products that bear the nonfunctional design of Plaintiffs' product.

4.8     Defendant's activities are likely to cause confusion, mistake, or deception in the minds of consumers as to the approval of its infringing products by Bell or TII.

4.9     Given that consumers believe that Bell's products have a single source, consumers are likely to believe that Defendants' products originated with Bell or that Bell and the Defendants are affiliated or have common sponsorship.

4.10    On or about June 12, 2006, Plaintiffs gave formal written notice of infringement to Defendant, informing Defendant that its sale of products bearing the likeness of and utilizing Plaintiffs' trade dress without authorization constitutes trade dress infringement, and requesting Defendant to cease its sale of its infringing products.

4.11    Defendant's infringing activities have caused and/or will cause Plaintiffs monetary harm.

4.12    Defendant's continued exportation, distribution, and sales of its products bearing confusingly similar depictions of Plaintiffs' products in the manner described above causes Plaintiffs irreparable injury as to which it has no adequate remedy at law.

4.13    Defendant's actions were taken in willful and malicious disregard of Plaintiffs' rights.

4.14    The activities of Defendant as alleged in this Complaint constitute willful and intentional infringement of the Plaintiffs' marks in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1125(a)(1).

4.15    Defendant has derived and/or will continue to derive and receive from the above alleged acts of infringement, profits and revenues in an amount that is not presently known to Plaintiffs.  Further, such acts of infringement were made with knowledge of their capacity to deceive and were thus committed intentionally and willfully.  By reason of the above acts of infringement, Plaintiffs have been and will continue to be damaged in an amount to be determined at trial. Plaintiffs seek all remedies allowable, in the Court's discretion, under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a) (including, but not limited to, Defendant's profits, actual damages, costs and attorneys' fees incurred in this action) and 15 U.S.C. § 1118.

4.16    The activities of Defendant as alleged in this Complaint have caused and will continue to cause irreparable harm to Bell for which Bell has no adequate remedy at law.  Accordingly, Bell is entitled to injunctive relief.


**5.0**

**TRADEMARK INFRINGEMENT/ TRADEMARK DILUTION**

5.1    Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 4.16.

5.2    The cause of action set forth herein arises under the Lanham Act of the United States, 15 U.S.C. § 1114.

5.3    Plaintiffs TII and Bell own the federally registered trademarks for marks "AH-1Z" (registration No. 2928806), "SUPERCOBRA" (registration No. 2549578), "COBRA" (registration No. 2839441), and "HUEY" (registration No. 2868866).

5.4    Defendant has distributed its products that include Plaintiffs' registered trademarks in their products' packaging as well as other promotional and advertising materials, including, but not limited to Defendant's web-site and corresponding supporting documentation for each of its infringing software titles.

5.5    On information and belief, Defendant was aware of Plaintiffs' trademarks.

5.6    Defendant has infringed upon the right of Plaintiffs by importing, offering for sale, selling, advertising, and/or distributing the Accused Products that bear Plaintiffs' trademarks.

5.7    Defendant's activities are likely to cause confusion, mistake, or deception in the minds of consumers.

5.8    On information and belief, Defendant's acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

5.9    Given that consumers believe that Plaintiffs' products have a single source, consumers are likely to believe that Defendant's products originated with Plaintiffs or that Plaintiffs and the Defendants are affiliated or have common sponsorship.

5.10    On or about June 12, 2006, Plaintiffs gave written notice of the infringement to Defendant, informing Defendant that its sale of products bearing the likeness of and utilizing Plaintiffs' trademarks without authorization constitutes trademark

infringement, and requesting Defendant to cease its sale of its infringing products.

5.11    Defendant's infringing activities have caused and/or will cause Plaintiffs monetary harm.

5.12    Defendant's continued exportation, distribution and sales of confusingly similar copies of Plaintiffs' products in the manner described above causes Bell irreparable injury as to which it has no adequate remedy at law.

5.13    Defendant's actions were taken in willful and malicious disregard of Plaintiffs' rights.

5.14    The activities of Defendant as alleged in this Complaint constitute willful and intentional infringement of the Bell trademarks in violation of the Lanham Act, including, but not limited to 15 U.S.C. § 1114.

5.15    Defendant has derived and/or will continue to derive and receive from the above alleged acts of infringement, profits and revenues in an amount that are not presently known to Plaintiffs.  Further, such acts of infringement were made with knowledge of their capacity to deceive and were thus committed intentionally and willfully.  By reason of the above acts of infringement, Plaintiffs have been and will continue to be damaged in an amount to be determined at trial. Plaintiffs seek all remedies allowable, in the Court's discretion, under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a) (including, but not limited to, Defendant's profits, actual damages, costs and attorneys' fees incurred in this action) and 15 U.S.C. § 1118.

5.16    The activities of Defendant as alleged in this Complaint have caused and will continue to cause irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law.  Accordingly, Plaintiffs are entitled to injunctive relief.


## 6.0

## **FALSE DESIGNATION OF ORIGIN**

6.1    Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 5.16.

6.2    This cause of action arises under 15 U.S.C. § 1125(a)(1).

6.3    Defendant's manufacture, use and sale of its infringing products (that bear and utilize Plaintiffs' trademarks and trade dress) in commerce have been without the consent of the Plaintiffs. Defendant's use of Plaintiffs' trade dress and trademarks constitutes false designations of origin, and unfair competition pursuant to Section 43 of the Lanham Act. 15 U.S.C. § 1125(a).

6.4    Defendant's application of the Plaintiffs' unique trade dress and trademarks to Defendant's Accused Products have caused and is likely to continue to cause confusion, and/or to cause mistake, and/or to deceive consumers as to the sponsorship or approval of said goods by Plaintiffs.

6.5    Defendant's unfair competition has caused and will continue to cause damage to Plaintiffs, and is causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

6.6    Defendant's actions were taken with knowledge of Plaintiffs' rights in and to their trade dress and to their federally registered trademarks.  Such actions constitute

PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT                                                Page 12

willful infringement under Section 35 of the Lanham Act.

6.7    Because of the Defendant's actions, Plaintiffs are entitled to injunctive relief as set forth in 15 U.S.C. § 1116.

6.8    Defendant willfully intended to trade on the Plaintiffs' reputation and to cause dilution of Plaintiffs' famous marks. Therefore, Plaintiffs seek all remedies allowable, in the Court's discretion, under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a) (including, but not limited to, Defendant's profits, actual damages, costs and attorneys' fees incurred in this action) and 15 U.S.C. § 1118.

**7.0**

**DILUTION OF FAMOUS MARKS**

7.1    Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 6.8.

7.2    This cause of action arises under 15 U.S.C. § 1125(c).

7.3    Plaintiffs' marks are distinctive and famous according to a number of factors including, but not limited to, the degree of inherent or acquired distinctiveness of the marks; and the duration and extent of use of the mark in connection with Plaintiffs' products.

7.4    Plaintiffs' trademarks and trade dress have become famous and distinctive as the terms are used and defined in 15 U.S.C. § 1125(c).

7.5    EA's unauthorized and unlicensed use of Plaintiffs' marks after the marks became famous (and after said trade dress acquired secondary meaning) has caused dilution of the distinctive quality of the mark and infringes Plaintiffs' rights to its famous marks in violation of 15 U.S.C. Section 1125(c)(1). EA's actions,

unless restrained, also have the potential to embolden other companies to believe that it is permissible to infringe upon Plaintiffs' marks and trade dress without seeking permission or a license.

7.6     Upon information and belief, EA adopted and is displaying the marks and trade dress with full knowledge of Plaintiffs' rights to their famous marks and with the willful intention to trade on Plaintiffs' reputation as embodied in their marks and/or cause dilution of such marks. Thus, EA has willfully violated Plaintiffs' rights under 15 U.S.C. § 1125(c)(2).

7.7     Defendant's unauthorized commercial use of Plaintiffs' marks serves to blur and dilute the distinctive quality of Plaintiffs' trademarks and trade dress.

7.8     Defendant's unauthorized use of Plaintiffs' trademarks and trade dress has caused dilution of the distinctive quality of Plaintiffs' marks in violation of 15 U.S.C. § 1125 (c) and thereby has damaged and will continue to cause damage to Plaintiffs.

7.9     Defendant's application of the Plaintiffs' unique marks to Defendant's products has caused and is likely to continue to cause confusion, and/or to cause mistake, and/or to deceive consumers as to the sponsorship or approval of said goods by Plaintiffs.

7.10    Defendant's actions were willfully taken with knowledge of Plaintiffs' rights in and to their trade dress and to their federally registered trademarks. Such actions constitute willful infringement under Section 35 of the Lanham Act.

7.11    Because the Defendant's actions, Plaintiffs are entitled to injunctive relief as set forth in 15 U.S.C. § 1116.

**PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT**                                    Page 14

7.12   Because Defendant willfully intended to trade on the Plaintiffs' reputation and to cause dilution of Plaintiffs' famous marks, Plaintiffs seek all remedies recoverable in the Court's discretion under 15 U.S.C. §§ 1116, 1117 and 1118 (including, but not limited to, Defendant's profits, actual damages, costs and attorneys' fees incurred in this action).

**8.0**

**UNFAIR COMPETITION AND MISAPPROPRIATION**

8.1   Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 7.12.

8.2   Defendant's manufacture, use and sale of its products bearing and utilizing Plaintiffs' marks in commerce have been without the consent of the Plaintiffs.

8.3   Bell spent considerable time, money, skill and labor in developing its products, including their distinctive unique and non-functional design.

8.4   TII licenses the use of Bell's Helicopters in products such as video games and computer software.

8.5   EA's use of Plaintiffs' marks and images are likely to create confusion in the mind of the ordinary consumer as to the source, affiliation, and/or sponsorship of the helicopters depicted in EA's software titles "Battlefield 2", "Battlefield: Vietnam" and Battlefield Vietnam: Redux" as well as the images present on EA's website to support and promote said games.

8.6   EA's unauthorized use of Plaintiffs' marks competes with Plaintiffs' licensing of its marks in the video game industry and with the Plaintiffs' authorized licensees in said industry.   EA's unauthorized use of the Plaintiffs' marks also serves to

hinder Plaintiffs' ability to license its marks in the videogame industry and to software manufacturers.

8.7    Plaintiffs have suffered and continue to suffer damages as a result of EA's misappropriation of their marks.


**9.0**

## INJURY TO BUSINESS REPUTATION AND TRADEMARK AND DILUTION PURSUANT TO THE LAWS OF THE STATE OF TEXAS

9.1    Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 8.7.

9.2    EA's use of Plaintiffs' trademarks and trade dress injures the reputation of Plaintiffs and causes dilution of the distinctive quality of its marks in violation of TEX. BUS. & COM. CODE § 16.29 and 15 U.S.C. § 1125, thereby causing damage to Plaintiffs. Therefore, Plaintiffs seek their damages.

9.3    Upon information and belief, EA's acts have been and are being committed willfully with the deliberate purpose and intent of appropriating and trading upon Plaintiffs' goodwill and to cause dilution of Plaintiffs' marks.

9.4    The acts of EA have deprived Plaintiffs of their exclusive rights to their trademarks and trade dress and will continue to do so unless it is enjoined by this Court. Accordingly Plaintiffs are entitled to seek an injunction.

## 10.0

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

10.1    Plaintiffs incorporate by reference the allegations of paragraphs 1.1 through 9.4.

10.2    The foregoing acts of Defendant constitute trademark and trade dress infringement, unfair competition, and misappropriation of Plaintiffs' rights in violation of the common law.  The acts of the Defendant permit, and will continue to permit Defendant to benefit to the detriment of Plaintiffs and to otherwise cause damage to Plaintiffs.

10.3    Plaintiffs also seek reasonable attorney's fees and costs.

10.4    The acts of Defendant have deprived Plaintiffs of their exclusive rights to their trademarks and trade dress and will continue to do so unless it is enjoined by this Court. Accordingly Plaintiffs are entitled to seek an injunction.

## 11.0

## JURY DEMAND

11.1    Plaintiffs respectfully request that a jury be empanelled to decide the factual issues of the case.

## 12.0

## DEMAND FOR RELIEF

WHEREFORE Plaintiffs Bell Helicopter Textron Inc., and Textron Innovations Inc. pray for relief as follows:

**PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT**                                    **Page 17**



A.    That Defendant be adjudged to have infringed Plaintiffs' trademarks and trade dress;

B.    Enjoin Defendant from further activities that would infringe Plaintiffs' trademarks and trade dress;

C.    Order an accounting of Defendant's profits and an award of damages by reason of Defendant's conduct;

D.    Order an award of attorney's fees, costs, prejudgment and post judgment interest; and

E.    That Plaintiffs be awarded such other further relief as this Court may deem just, equitable and proper.

Respectfully submitted,

Beale Dean
Texas Bar No. 05685000
Stephen C. Howell
Texas Bar No. 10107700
David W. Chant
State Bar No. 24009951

ATTORNEYS FOR PLAINTIFFS

Of Counsel:

Brown, Dean, Wiseman, Proctor,
        Hart & Howell, L.L.P.
306 West 7th Street
Fort Worth Club Bldg.
Suite 200
Fort Worth, Texas 76102
(817) 332-1391
(817) 870-2427 Facsimile