


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BELL HELICOPTER TEXTRON INC., <br> TEXTRON INNOVATIONS INC, <br><br> *Plaintiffs,* <br><br> v. <br><br> ELECTRONIC ARTS INC., <br><br> *Defendant.* | § § § § § § § § § § § § § § | CIVIL ACTION NO. 4-06CV-841-A |

### DEFENDANT ELECTRONIC ARTS INC'S MOTION TO DISMISS
### AND BRIEF IN SUPPORT

**To the Honorable Court:**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Electronic Arts Inc. ("EA") moves to dismiss certain of Plaintiffs Bell Helicopter Textron Inc. and Textron Innovations Inc.'s ("Plaintiffs") claims contained in Plaintiffs' Second Amended Original Complaint ("Complaint"), and in support thereof, respectfully shows the Court as follows:

### I. Introduction

Plaintiffs complain that EA's accurate depiction of two (or three) helicopters manufactured by Plaintiff Bell Helicopter and EA's accurate identification of the helicopters by name within three EA *Battlefield* computer games (and their inclusion in ancillary promotional material) infringe and dilute Plaintiffs' purported trademarks in the names of the helicopters and purported trade dress in the helicopter designs. *See* Complaint ¶¶ 1.1, 3.6, 3.8 & 3.9.[1]

---

[1] Copies of the three *Battlefield* games – which are expressly referenced in, but are not attached to, Plaintiffs' Complaint – are attached as to this Motion in the Appendix, which the Court may review in its consideration of this Motion to Dismiss. "[D]ocuments that a defendant attaches to a motion to dismiss

1

In the instant motion, EA moves pursuant to FED. R. CIV. P. 12(b)(6) to dismiss two discreet parts of the Complaint. ***First***, the portions of Plaintiffs' two infringement claims under 15 U.S.C. § 1125(a)(1) that challenge the inclusion of Plaintiffs' purported marks <u>within</u> the content of the *Battlefield* games themselves (*see* Complaint §§ 4.0 & 6.0) must be dismissed, because that section of the Lanham Act only applies to commercial speech, and the *Battlefield* games are not commercial speech; they are protected "core" speech under the First Amendment.

***Second***, Plaintiffs' attempt to allege a claim of "dilution by blurring" under the Federal Trademark Dilution Act ("FTDA") (*see* Complaint § 7.0) fails as a matter of law, because it does not – and cannot – allege the primary, required element of a "blurring" claim – that EA has used Plaintiffs' alleged marks to identify or brand EA's own products.

This case raises important issues involving the protection of computer and video games as creative and expressive works under the First Amendment, and the concomitant chilling effect that Plaintiffs' claims would have on all expressive works, if Plaintiffs' theory were correct. These remaining matters, however, must be left to summary judgment. But ultimately they will fare no better, because Plaintiffs will not be able to demonstrate that their purported trademark rights outweigh EA's important First Amendment rights to create expressive works.

## II. <u>Argument and Authorities</u>

Under Rule 12(b)(6), a cause of action shall be dismissed for "failure to state a claim upon which relief can be granted" if the complaint lacks essential allegations necessary to obtain relief. *See, e.g., Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "The complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations

---

are considered part of the pleadings if they are referenced in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell*, 43 F.3d at 975. Moreover, the Court is under no obligation to accept conclusory allegations in the complaint as true. *See, e.g., Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

A. **The Portions of Plaintiffs' Claims Under 15 U.S.C. § 1125(a)(1) That Challenge the Content of the *Battlefield* Games Must Be Dismissed.**

Plaintiffs purport to assert two claims for infringement under 15 U.S.C. § 1125(a)(1): a trade dress infringement claim and a trademark / trade dress false designation of origin claim. *See* Complaint §§ 4.0 & 6.0. To the extent these two claims challenge EA's use of Plaintiffs' alleged marks within the content of the *Battlefield* games, the claims must be dismissed, because claims under 15 U.S.C. § 1125(a)(1) only apply to commercial speech and the *Battlefield* games themselves are "core" speech, not commercial speech.

The Fifth Circuit has made it clear that a claim under 15 U.S.C. § 1125(a)(1), "which addresses false and misleading descriptions, only applies to commercial speech." *TMI, Inc. v. Maxwell*, 368 F.3d 433, 436 n.2 (5th Cir. 2004); *Procter & Gamble Co v. Amway Corp.*, 242 F.3d 539, 547 (5th Cir. 2001) ("the 'commercial' requirement was inserted to ensure that § 43(a) [15 U.S.C. § 1125(a)(1)] does not infringe on free speech protected by the First Amendment ... the reach of § 43(a) 'specifically extends only to false and misleading speech that is encompassed within the 'commercial speech' doctrine developed by the United States Supreme Court.'") (citations omitted). Commercial speech is "speech which 'does no more than propose a commercial transaction.'" *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 762 (1976).

The *Battlefield* games are not commercial speech. Computer and video games, like motion pictures and novels, are works of artistic expression protected by the First Amendment.

3

*See, e.g., Interactive Digital Software Ass'n v. St. Louis County*, 329 F.3d 954, 957 (8th Cir. 2003) ("If the first amendment is versatile enough to 'shield [the] painting of Jackson Pollock, music of Arnold Schoenberg, or Jabberwocky verse of Lewis Carroll,' we see no reason why the pictures, graphic design, concept art, sounds, music, stories, and narrative present in video games are not entitled to a similar protection. The mere fact that they appear in a novel medium is of no legal consequence.") (citations omitted); *American Amusement Machine Ass'n v. Kendrick*, 244 F.3d 572, 577-58 (7th Cir. 2001) (Posner, J.) (computer and video games are core speech protected by the First Amendment; they convey "age-old themes of literature," messages, and ideologies, "just as books and movies do"); *Entertainment Software Ass'n v. Foti*, 451 F. Supp. 2d. 823, 829-30 (M.D. La 2006) ("video games are protected free speech"). *Accord C.B.C. Distribution and Marketing, Inc. v. Major League Baseball Advanced Media, L.P.*, 443 F. Supp. 2d 1077, 1093-94 (E.D. Mo. 2006), ("[s]peech that entertains, like speech that informs, is protected under the First Amendment because '[t]he line between the informing and the entertaining is too elusive for the protection of that basis right'") (citation omitted).

Like literary works, motion pictures and newspapers – which are not commercial speech – computer and video games, though sold for profit, constitute "core" speech and enjoy full First Amendment protection. *See Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 501-02 (1952) ("[t]hat books, newspapers, and magazines are published and sold for profit does not prevent them from being a form of expression whose liberty is safeguarded by the First Amendment ... We fail to see why operation for profit should have any different effect in the case of motion pictures."); *New York Times Co. v. Sullivan*, 376 U.S. 254, 266 (1964) (paid editorial advertisement published by newspaper was not commercial speech); *Village of Schaumberg v. Citizens for a Better Environment*, 444 U.S. 620, 632 (1980) (charitable solicitation is not commercial speech

because it "does more than inform private economic decisions and is not primarily concerned with providing information about the characteristics and costs of goods and services"); *ETW Corp. v. Jireh Publishing, Inc.*, 332 F.3d 915, 924 – 25 (6th Cir. 2003); *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 970 (10th Cir. 1996).[2]

Because the *Battlefield* games are not commercial speech, the portions of the Complaint's two purported infringement claims under 15 U.S.C. § 1125(a)(1) that challenge the inclusion of Plaintiffs' alleged marks in the *Battlefield* games themselves must be dismissed.

### B. Plaintiffs' Claim Under the Federal Trademark Dilution Act Must Be Dismissed.

The Complaint also alleges that EA's accurate depiction of Plaintiffs' helicopters and accurate identification of them by name in the *Battlefield* games "serves to blur and dilute the distinctive quality" of Plaintiffs' alleged marks, in violation of the FTDA, 15 U.S.C. § 1125(c). *See* Complaint ¶ 7.7. This "dilution by blurring" theory fails to state a claim upon which relief can be granted and must be dismissed.

Under the FTDA, "dilution by blurring" requires that the defendant make actual *trademark* use of a plaintiff's allegedly famous mark as the defendant's own mark. 15 U.S.C. § 1125(c)(2)(B). The statute's 2006 amendments specifically define "dilution by blurring" as the "association arising from the *similarity between a mark or trade name* [used by the defendant] and a famous mark" owned by the plaintiffs. *Id; see also Caterpillar Inc. v. Walt Disney Co.*, 287 F. Supp. 2d 913, 921 (C.D. Ill. 2002) ("[b]lurring is an attack on the identification properties of a trademark that may occur 'where the defendant uses or modifies the plaintiff's trademark *to*

---

[2] It is EA's position that the First Amendment protection applies equally to ancillary promotional materials of the games that accurately reflect the underlying expressive work. *See, e.g., Nichols v. Moore*, 334 F. Supp. 2d 944, 956 (E.D. Mich. 2004); *Page v. Something Weird Video*, 960 F. Supp. 1438, 1444 (C.D. Cal. 1996); *ETW Corp.*, 332 F.3d at 920. However, because the promotional materials are beyond the four corners of the Complaint, they are not appropriate for this instant motion to dismiss.

5

*identify the defendant's goods and services*, raising the possibility that the mark will lose its ability as a unique identifier of the plaintiff's product'") (emphasis added); *Hormel Foods Corp. v. Jim Henson Prods.*, 73 F.3d 497, 506 (2d Cir. 1996) (dilution by blurring occurs "where the defendant uses or modifies *the plaintiff's trademark to identify the defendant's goods and services*, raising the possibility that the mark will lose its ability to serve as a unique identifier of the plaintiff's product.") (emphasis added). As Professor McCarthy explains,

> [d]ilution by blurring occurs if the defendant uses the word as its own *trademark* for goods that are so different that no confusion of source or sponsorship can occur. Only if the defendant uses the word as a trademark, could the allegedly unique and distinctive link between the word and plaintiff's goods be weakened when the public sees the word used to identify and distinguish different goods; that is, when the word is used as a trademark for different goods.

3 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, § 24:103 (2006) (emphasis in original).

Thus, the typical "dilution by blurring" claim involves a dispute over the incongruous use of a famous mark to describe another's product or services – such as "Dupont shoes, Buick aspirin tablets, Schlitz varnish, Kodak pianos, and Bulova gowns." *Sally Gee, Inc. v. Myra Hogan, Inc.*, 699 F.2d 621, 625 (2d Cir. 1983) (quoting 1954 N.Y. Legis. Annual 49) (internal corrections omitted); *see also Illinois High School Ass'n v. GTE Vantage Inc.*, 99 F.3d 244, 247 (7th Cir. 1996) (Posner, J.) (noting the use of the famous mark "'Tiffany & Co.' as the name of a hamburger stand" is a classic example of dilution by blurring).

In contrast to the typical "dilution by blurring" dispute, EA is aware of no decision in which a court has held that the use of a purported trademark within the content of an expressive work "dilutes by blurring" the purported distinctive quality of the mark. *Cf. Wham-O, Inc. v. Paramount Pictures, Corp.*, 286 F. Supp. 2d 1254, 1261-62 (N.D. Cal. 2003) (rejecting plaintiff's claim that inclusion of the "slip-n-slide" product in a movie would "blur" plaintiff's

trademark to the product); *Lyons P'Ship, L.P. v. Giannoulas*, 14 F. Supp. 2d 947, 954 (N.D. Tex. 1998) (rejecting blurring claim "because defendants do not use plaintiff's mark to identify any of their goods or services").

Indeed, in those few instances where a plaintiff has actually challenged the use of its trademark within the content of another's expressive work, the plaintiff typically only asserts that such use constitutes trademark infringement, not trademark dilution. *See, e.g., Lyon*, 14 F. Supp. 2d at 954; *Caterpillar*, 287 F. Supp. 2d at 921 (plaintiff complained that inclusion of its trademark in movie constituted trademark infringement, not trademark dilution); *E.S.S. Entertainment 2000, Inc. v. Rock Star Videos, Inc., et al.*, 444 F. Supp. 2d 1012, 1014 (C.D. Cal. 2006) (plaintiff complained that the inclusion of trademarked name in a video game constituted trademark infringement, not trademark dilution).

Here, the Complaint does not – and cannot – allege that EA used Plaintiffs' alleged marks as *EA's own mark* in connection with the *Battlefield* games (for example, to identify the source or maker of EA's games). In fact, EA did not do so; it used its own trademarks in connection with the *Battlefield* games: "ELECTRONIC ARTS INC.," "EA," "EA GAMES,", "BATTLEFIELD VIETNAM," BATTLEFIELD VIETNAM: REDUX," and "BATTLEFIELD: 2." The Complaint is directed at the mere inclusion of the helicopters and their names on or in the *Battlefield* games themselves. *See* Complaint ¶¶ 3.6, 3.8, 5.4 & § 7.0. Such allegations fail as a matter of law to satisfy the clear statutory requirements for "dilution" and "blurring" under the FTDA, and must be dismissed.

### III. Conclusion

For the reasons set forth above, EA respectfully requests that pursuant to Fed. R. Civ. P. 12(b)(6), this Court dismiss the portion of Plaintiffs' claims for infringement under 15 U.S.C. § 1125(a)(1) (Section 4.0 and 6.0 of Plaintiffs' Complaint) that challenge the inclusion of

Plaintiffs' alleged marks within the context of the *Battlefield* games themselves, as well as Plaintiffs' claim under the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c) (Section 7.0 of Plaintiffs' Complaint), and for all other relief to which the Court determines EA is justly entitled.

                                              Respectfully Submitted,

                                              _____
                                              **Craig W. Weinlein**
                                                State Bar No. 21095500
                                             **Prescott W. Smith**
                                                State Bar No. 24013534
                                             **Omar Kilany**
                                                State Bar No. 24026974
                                             CARRINGTON, COLEMAN, SLOMAN
                                                  & BLUMENTHAL, L.L.P.
                                              901 Main Street, Suite 5500
                                              Dallas, Texas 75202
                                              (214) 855-3000
                                              FAX (214) 855-1333

                                              *Attorneys for Defendant Electronic Arts Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon attorneys of record of all parties to the above cause via United States First Class Mail on this 21st day of May, 2007.

_____
Craig W. Weinlein