


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2007 MAY 21  PM 3: 57

CLERK OF COURT

| | |
|---|---|
| BELL HELICOPTER TEXTRON INC., <br> TEXTRON INNOVATIONS INC, <br> <br> *Plaintiffs,* <br> <br> v. <br> <br> ELECTRONIC ARTS INC., <br> <br> *Defendant.* | § § § § § § § § § § § § § <br> <br> CIVIL ACTION NO. 4-06CV-841-A |

### DEFENDANT ELECTRONIC ARTS INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT

Defendant Electronic Arts Inc. ("EA") answers Plaintiffs' Second Amended Original Complaint ("Complaint"), as follows:

**1.0**

EA generally denies all of the averments of the Complaint, except for those averments which are specifically admitted herein.

1.1   EA admits that Plaintiffs bring the claims alleged in paragraph 1.1 of the Complaint.

1.2   EA admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1338. EA denies the remaining averments in paragraph 1.2 of the Complaint.

1.3   EA admits that it is a software company doing business in the State of Texas, and that it distributes its software titles for various platforms worldwide, including through retailers

1

located in the State of Texas. EA admits that it owns and operates the website and domain www.ea.com. EA denies the remaining averments in paragraph 1.3 of the Complaint.

1.4　EA admits that it has conducted business in the State of Texas and that it is subject to the jurisdiction of this Court. EA denies any remaining averments in paragraph 1.4 of the Complaint.

1.5　EA admits that it is subject to the jurisdiction of this Court. EA denies any remaining averments in paragraph 1.5 of the Complaint.

1.6　EA admits that it is subject to the jurisdiction of this Court. EA denies any remaining averments of paragraph 1.6 of the Complaint.

1.7　EA admits that venue is proper in the Northern District of Texas, Fort Worth Division. EA denies the remaining averments in paragraph 1.7 of the Complaint.

**2.0**

2.1　EA is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 2.1 of the Complaint.

2.2　EA is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 2.2 of the Complaint.

2.3　EA admits the averments in paragraph 2.3 of the Complaint.

**3.0**

3.1　EA admits that Plaintiff Bell Helicopter designs, manufactures and sells helicopters. EA denies the remaining averments in paragraph 3.1 of the Complaint.

3.2　EA denies the averments in paragraph 3.2 of the Complaint.

3.3　EA denies the averments in paragraph 3.3 of the Complaint.

3.4     EA is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3.4 of the Complaint.

3.5     EA is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3.5 of the Complaint.

3.6     EA admits that it develops and publishes computer and video games, including the games *Battlefield Vietnam*, *Battlefield Vietnam: Redux*, and *Battlefield:2*. EA denies the remaining averments in paragraph 3.6 of the Complaint.

3.7     EA denies the averments in paragraph 3.7 of the Complaint.

3.8     EA denies the averments in paragraph 3.8 of the Complaint.

3.9     EA admits that it offers for sale the games *Battlefield Vietnam*, *Battlefield Vietnam: Redux*, and *Battlefield:2*. EA denies the remaining averments in paragraph 3.9 of the Complaint.

3.10    EA denies the averments in paragraph 3.10 of the Complaint.

3.11    EA denies the averments in paragraph 3.11 of the Complaint.

3.12    EA denies the averments in paragraph 3.12 of the Complaint.

3.13    EA admits the averments in paragraph 3.13 of the Complaint.

3.14    EA admits that Plaintiffs did not "authorize" EA to use Plaintiffs' alleged marks in EA's games, but denies that averment to the extent it implies that EA needed Plaintiffs' "authorization." EA denies the remaining averments in paragraph 3.14 of the Complaint.

3.15    EA acknowledges that it received communications from Plaintiffs on or about June 12, 2006. EA denies the remaining averments in paragraph 3.15 of the Complaint.

3.16    EA denies that Plaintiffs are entitled to any of the relief requested in paragraph 3.16 of the Complaint.

3.17   EA denies that Plaintiffs are entitled to any of the relief requested in paragraph 3.17 of the Complaint.

3.18   EA denies that Plaintiffs are entitled to any of the relief requested in paragraph 3.18 of the Complaint.

**4.0**

4.1   In response to paragraph 4.1 of the Compliant, EA incorporates by reference its responses to paragraphs 1.1 through 3.17 of the Complaint.

4.2   EA denies that Plaintiffs are entitled to any relief. Otherwise, EA is not required to admit or deny the averment in paragraph 4.2 of the Complaint.

4.3   EA denies the averments in paragraph 4.3 of the Complaint.

4.4   EA denies the averments in paragraph 4.4 of the Complaint.

4.5   EA denies the averments in paragraph 4.5 of the Complaint.

4.6   EA denies the averments in paragraph 4.6 of the Complaint.

4.7   EA denies the averments in paragraph 4.7 of the Complaint.

4.8   EA denies the averments in paragraph 4.8 of the Complaint.

4.9   EA denies the averments in paragraph 4.9 of the Complaint.

4.10   EA acknowledges that it received communications from Plaintiffs on or about June 12, 2006. EA denies the remaining averments in paragraph 4.10 of the Complaint.

4.11   EA denies the averments in paragraph 4.11 of the Complaint.

4.12   EA denies the averments in paragraph 4.12 of the Complaint.

4.13   EA denies the averments in paragraph 4.13 of the Complaint.

4.14   EA denies the averments in paragraph 4.14 of the Complaint.

4.15   EA denies the averments in paragraph 4.15 of the Complaint.

4.16   EA denies the averments in paragraph 4.16 of the Complaint.

**5.0**

5.1   In response to paragraph 5.1 of the Compliant, EA incorporates by reference its responses to paragraphs 1.1 through 4.16 of the Complaint.

5.2   EA denies that Plaintiffs are entitled to any relief. Otherwise, EA is not required to admit or deny the averments in paragraph 5.2 of the Complaint.

5.3   EA is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5.3 of the Complaint.

5.4   EA admits that it identifies the UH-1 Huey on the *Battlefield Vietnam* website as one of many vehicles included in the game. EA admits that it identifies and describes the AH-1Z Super Cobra on the *Battlefield: 2* website as one of many vehicles and weapons included in the game. EA denies the remaining averments in paragraph 5.4 of the Complaint.

5.5   EA denies the averments in paragraph 5.5 of the Complaint.

5.6   EA denies the averments in paragraph 5.6 of the Complaint.

5.7   EA denies the averments in paragraph 5.7 of the Complaint.

5.8   EA denies the averments in paragraph 5.8 of the Complaint.

5.9   EA denies the averments in paragraph 5.9 of the Complaint.

5.10   EA acknowledges that it received communications from Plaintiffs on or about June 12, 2006. EA denies the remaining averments in paragraph 5.10 of the Complaint.

5.11   EA denies the averments in paragraph 5.11 of the Complaint.

5.12   EA denies the averments in paragraph 5.12 of the Complaint.

5.13   EA denies the averments in paragraph 5.13 of the Complaint.

5.14   EA denies the averments in paragraph 5.14 of the Complaint.

5.15   EA denies the averments in paragraph 5.15 of the Complaint.

5.16   EA denies the averments in paragraph 5.16 of the Complaint.

**6.0**

6.1   In response to paragraph 6.1 of the Compliant, EA incorporates by reference its responses to paragraphs 1.1 through 5.16 of the Complaint.

6.2   EA denies that Plaintiffs are entitled to any relief. Otherwise, EA is not required to admit or deny the averments in paragraph 6.2 of the Complaint.

6.3   EA denies the averments in paragraph 6.3 of the Complaint.

6.4   EA denies the averments in paragraph 6.4 of the Complaint.

6.5   EA denies the averments in paragraph 6.5 of the Complaint.

6.6   EA denies the averments in paragraph 6.6 of the Complaint.

6.7   EA denies the averments in paragraph 6.7 of the Complaint.

6.8   EA denies the averments in paragraph 6.8 of the Complaint.

**7.0**

7.1   In response to paragraph 7.1 of the Compliant, EA incorporates by reference its responses to paragraphs 1.1 through 6.8 of the Complaint.

7.2   EA denies that Plaintiffs are entitled to any relief. Otherwise, EA is not required to admit or deny the averments in paragraph 7.2 of the Complaint.

7.3   EA denies the averments in paragraph 7.3 of the Complaint.

7.4   EA denies the averments in paragraph 7.4 of the Complaint.

7.5   EA denies the averments in paragraph 7.5 of the Complaint.

7.6   EA denies the averments in paragraph 7.6 of the Complaint.

7.7   EA denies the averments in paragraph 7.7 of the Complaint.

7.8     EA denies the averments in paragraph 7.8 of the Complaint.

7.9     EA denies the averments in paragraph 7.9 of the Complaint.

7.10    EA denies the averments in paragraph 7.10 of the Complaint.

7.11    EA denies the averments in paragraph 7.11 of the Complaint.

7.12    EA denies the averments in paragraph 7.12 of the Complaint.

### 8.0

8.1     In response to paragraph 8.1 of the Compliant, EA incorporates by reference its responses to paragraphs 1.1 through 7.12 of the Complaint.

8.2     EA admits that Plaintiffs did not give their "consent" to EA to use Plaintiffs' alleged marks in EA's games, but denies that averment to the extent it implies that EA needed Plaintiffs' "consent." EA denies the remaining averments in paragraph 8.2 of the Complaint.

8.3     EA is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8.3 of the Complaint.

8.4     EA is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 8.3 of the Complaint.

8.5     EA denies the averments in paragraph 8.5 of the Complaint.

8.6     EA denies the averments in paragraph 8.6 of the Complaint.

8.7     EA denies the averments in paragraph 8.7 of the Complaint.

### 9.0

9.1     In response to paragraph 9.1 of the Compliant, EA incorporates by reference its responses to paragraphs 1.1 through 8.7 of the Complaint.

9.2     EA denies the averments in paragraph 9.2 of the Complaint.

9.3     EA denies the averments in paragraph 9.3 of the Complaint.

9.4  EA denies the averments in paragraph 9.4 of the Complaint.

**10.0**

10.1  In response to paragraph 10.1 of the Compliant, EA incorporates by reference its responses to paragraphs 1.1 through 9.4 of the Complaint

10.2  EA denies the averments in paragraph 10.2 of the Complaint.

10.3  EA denies that Plaintiffs is entitled to any of the relief sought in paragraph 10.3 of the Complaint.

10.4  EA denies the averments in paragraph 10.4 of the Complaint.

**11.0**

11.1  EA acknowledges Plaintiffs' jury demand.

**12.0**

12.1  EA denies that Plaintiffs are entitled to any of the relief sought in Section 12.0 of the Complaint.

12.2  EA has retained the undersigned attorneys to represent it in this action, and has agreed to pay them a reasonable fee for their services.

**13.0**

**AFFIRMATIVE DEFENSES**

13.1  Plaintiffs have failed to state a claim against EA upon which relief may be granted.

13.2  Plaintiffs' claims against EA are barred, in whole or in part, by the First Amendment to the United States Constitution.

13.3  Plaintiffs' claims against EA are barred, in whole or in part, by Article 1, Section 8, of the Constitution of the State of Texas.

13.4    Plaintiffs' claims against EA are barred, in whole or in part, because the events depicted in EA's computer games were matters of public record and in the public domain.

13.5    Plaintiffs' claims against EA are barred, in whole or in part, by the nominative fair use doctrine.

13.6    Plaintiffs' claims against EA are barred, in whole or in part, by the statutory exclusions under 15 U.S.C. § 1125.

13.7    Plaintiffs' claims against EA are barred in whole or in part, by the doctrines of laches, waiver and/or estoppel.

13.8    Plaintiffs' state law claims are preempted by federal law.

13.9    Plaintiffs' state law claims are barred, in whole or in part, by the *Sears-Compco* doctrine. *See Sears, Roebuck, & Co. v. Stiffel Co.*, 376 U.S. 225 (1964); *Compco Corp. v. Day-Brite Lighting, Inc.*, 376 U.S. 234 (1964).

13.10   Plaintiffs' claims against EA are barred in part because their alleged marks are generic.

WHEREFORE, EA prays that Plaintiffs take nothing by their claims and that EA recover its attorneys' fees, costs of court and general relief.

Respectfully submitted,

_____
**Craig W. Weinlein**
State Bar No. 21095500
**Prescott W. Smith**
State Bar No. 24013534
**Omar Kilany**
State Bar No. 24026974
CARRINGTON, COLEMAN, SLOMAN
& BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
(214) 855-3000
FAX (214) 855-1333

*Attorneys for Defendant Electronic Arts Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon attorneys of record of all parties to the above cause via United States First Class Mail on this 21st day of May, 2007.

_____
Craig W. Weinlein